IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY HICKEY, | ) |
| | ) |
| v. | ) NO. 3:20-00474 |
| | ) |
| TROUSDALE TURNER | ) |
| CORRECTIONAL COMPLEX, et al. | ) |

**TO:   Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 12, 2020 (Docket Entry No. 12), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for summary judgment filed by Defendants CoreCivic, Inc. and Karon Ribbons (Docket Entry No. 36), to which Plaintiff has not filed a response. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

### I.   BACKGROUND

Anthony Hickey, ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Center ("Trousdale") in Hartsville, Tennessee. On April 29, 2020, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983 against several prison officials. *See* Complaint (Docket Entry No. 2).

1

Plaintiff alleges that his constitutional rights have been violated at Trousdale because prison officials are ignoring threats to his safety from other inmates.

Specifically, Plaintiff alleges that members of a prison gang threatened to stab him for refusing to pay "rent" for his cell on the main housing compound at Trousdale. *Id*. at 4. He alleges that he spoke to Sgt. Ribbons ("Ribbons"), who told him to fill out a form identifying the inmates threatening him and that she would turn it in to Chief Whalenburg to get Plaintiff placed in protective custody. *Id*. at 3-4. Plaintiff alleges that he was initially moved to a cell for protective custody but was then told by a unit manager that Ribbons never turned in the protective custody paperwork. *Id*. at 4. Plaintiff alleges that he has repeatedly filled out new forms requesting protective custody but he has not been given a hearing on his protective custody request and prison officials are trying to force him to return to the main compound by writing him up every 20 days for the disciplinary offense of refusing a cell assignment. *Id*. at 4 and 6. He alleges that other inmates have informed Ribbons that gang members intended to stab him if he returns to the main compound and that other inmates who have been forced back into the main housing compound have also been stabbed. *Id*. Plaintiff contends that prison officials do not follow applicable written policies and he was told that "they don't house PCs at this prison anymore," although "there are some in A Building Pod A," *id*. at 5, and that "if something happened to [him] they just clean up the mess and they would have [an] open bed for someone else." *Id*. at 6.

Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff stated an arguable claim for a violation of his Eighth Amendment right to be free from deliberate indifference to a substantial risk of serious harm to his safety. *See* Memorandum Opinion and Order entered June 12, 2020 (Docket Entry No. 12). Because Plaintiff did not

name the defendant prison officials in their individual capacities and because the only relief he requested was to be placed in protective custody without discipline for refusing a cell assignment, the Court construed his complaint as one brought against the defendants in only their official capacities for prospective injunctive relief. *Id*. at 5-6. Because an official capacity claim against a defendant is the equivalent of a suit against the defendant's employer, the Court found that Plaintiff's official capacity claims were effectively against CoreCivic, Inc. ("CoreCivic"), the private prison contractor that operates Trousdale, for having policies that result in deliberate indifference to a substantial risk to his personal safety caused by violence from other inmates. *Id*. at 6-7. Because Plaintiff's multiple official-capacity claims are all effectively claims against CoreCivic, the Court allowed the claim to proceed only against Defendant Ribbons and Defendant Russell Washburn ("Washburn"), the Trousdale Warden at the time of the events at issue. *Id*. at 6. All other named defendants and claims were dismissed. *Id*.[1]

Summons were issued to Ribbons, CoreCivic, and Washburn.[2] Ribbons and CoreCivic filed a joint answer (Docket Entry No. 30), and a scheduling order was entered providing for a period of pretrial activity in the action. *See* Docket Entry No. 33. There are no pending

---

[1] Although the Court specifically dismissed the individual defendants without prejudice to Plaintiff's ability to file an amended complaint asserting individual-capacity claims based upon a defendant's personal involvement in the alleged constitutional violation, *see* Docket Entry No. 12 at 8, Plaintiff has not filed any such amendment.

[2] Process was returned unexecuted for Defendant Washburn with a notation that he was no longer employed at Trousdale. *See* Docket Entry No. 18. Although an entry of appearance and a motion to extend time were filed on his behalf, counsel subsequently filed a notice withdrawing the appearance and motion as to Washburn because of the lack of service. *See* Docket Entry No. 29. Washburn's absence from the case is not significant given that there is no claim against him personally and given that the Court finds that summary judgment should be granted for reasons that apply to the action as a whole.

3

motions other than the motion for summary judgment. A jury trial has not yet been scheduled in the case.

## II. MOTION FOR SUMMARY JUDGMENT

On May 27, 2021, Defendants Ribbons and CoreCivic (hereinafter referred to collectively as "Defendants") filed the pending motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendants first argue that Plaintiff failed to exhaust his available administrative remedies at Trousdale because he did not file a grievance about his allegations and his claim is therefore subject to dismissal under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e for failure to exhaust. Second, Defendants argue that (1) Defendant CoreCivic cannot be held liable under Section 1983 based on a theory of *respondeat superior* and there is no evidence showing that CoreCivic has an unconstitutional policy or custom and (2) there is no evidence that prison officials acted with deliberate indifference toward any risk to Plaintiff's safety caused by other inmates. Finally, Defendants assert that Plaintiff's failure to allege and show that he suffered a physical injury that is more than *de minimis* requires that his claim be dismissed in accordance with 42 U.S.C. § 1997e(e). Defendants support their motion with: (1) a memorandum of law (Docket Entry No. 37); (2) a statement of undisputed material facts (Docket Entry No. 41); and with the declaration and exhibits attached thereto of Trousdale Grievance Coordinator Elizabeth Lopez (Docket Entry No. 38), Ribbons (Docket Entry No 39), and Washburn (Docket Entry No 40).

Plaintiff was notified of the motion, informed of the need to respond, and given a deadline of July 9, 2021, to file a response. *See* Order entered May 28, 2021 (Docket Entry No. 42). Plaintiff was specifically warned that his failure to file a timely response could result

4

in the dismissal of the action. Despite being given more time than the 21 day response time provided for by Local Rule 56.01(b)(1), Plaintiff has not filed a response of any kind to the motion.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV.  ANALYSIS

A. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement.  *See  Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999).  The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion.  *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

B.   Eighth Amendment Standards

The Eighth Amendment places upon prison officials a duty to protect prisoners from violence at the hands of others.  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To establish a constitutional violation based on failure to protect, a prison inmate first must show that he was incarcerated under conditions posing a substantial risk of serious harm.  *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011).  Next, the prisoner inmate "must show that prison officials acted with 'deliberate indifference' to [the inmate's] health or safety." *Id*.

6

"Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

With respect to liability under 42 U.S.C. § 1983 against a defendant such as CoreCivic, there must be evidence showing more than the mere fact that a CoreCivic employee violated Plaintiff's constitutional rights. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (1996). Instead, there must be a showing akin to that of showing municipal liability under the analysis set out in *Monell v. Department of Soc. Servs*, 436 U.S. 658 (1978). *Street*, 102 F.3d at 818. In short, Plaintiff must show that a CoreCivic policy, custom, or operating procedure was the "moving force" behind the alleged violation of his constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

C.   Plaintiff's Claim and Summary Judgment

Although the allegations in Plaintiff's complaint were sufficient to permit the case to survive initial frivolity review and to have process issued, Plaintiff has not responded to the arguments for summary judgment made by Defendants in their dispositive motion, has not responded to Defendants' statement of undisputed facts as required by Local Rule 56.01(f),[3] and has not set forth any evidence supporting his claims.

---

[3] Local Rule 56.01(f) provides that Plaintiff's failure to respond to Defendants' statement of undisputed facts shall deem the asserted facts to be undisputed for the purposes of summary judgment. Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

7

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff's lawsuit should be dismissed in its entirety because he has not shown that he exhausted his available administrative remedies prior to bringing the lawsuit as is required by 42 U.S.C. § 1997e(a). Defendants have set forth evidence that (1) a three step procedure exists at Trousdale that allows inmates to file grievances for issues relating to their conditions of confinement, and, (2) Plaintiff failed to file any grievances at Trousdale about not being placed in protective custody despite threats to his safety from other inmates. *See* Declaration of Lopez at ¶¶ 3-7; Statement of Undisputed Facts at ¶¶ 1-2. In the face of this evidence, Plaintiff must rebut Defendants' exhaustion defense by presenting "significant probative evidence" showing

compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not set forth any evidence meeting this burden and rebutting Defendants' contention that he had not pursued and exhausted his available administrative remedies prior to filing his lawsuit. Accordingly, Plaintiff's lawsuit should be dismissed in its entirety because of his failure to comply with the mandatory exhaustion requirement of the PLRA.

Defendants' failure to exhaust defense is a complete defense to Plaintiff's lawsuit. Nonetheless, the Court also finds that, based upon the record that is before the Court, Defendants are entitled to summary judgment on the merits of Plaintiff's claim because he has not set forth any evidence that the policies at Trousdale, or lack thereof, resulted in deliberate indifference to a substantial risk of safety to him posed by other inmates. Given the lack of any supporting evidence by Plaintiff whatsoever for his claim, no reasonable jury could find in favor of Plaintiff on the merits of his claim.

Plaintiff's Eighth Amendment claim is premised upon an allegation that Core Civic has effectively implemented a policy or custom at Trousdale that prevents inmates from being placed in protective custody and that this policy or custom prevented his own placement in protective custody. Defendants have challenged this allegation, setting forth evidence of the existence of formal policies at Trousdale that provide a process whereby inmates may seek protective custody placement. *See* Declaration of Washburn at ¶¶4-5 and 7; Statement of Undisputed Material Facts at ¶¶ 3-4 and 6. Defendants have also provided some evidence that Plaintiff's personal requests for protective custody were not ignored. *See* Declaration of Ribbons at ¶ 6; Declaration of Washburn at ¶ 9; Statement of Undisputed Material Facts at ¶ 8.

In the face of the motion for summary judgment and Defendants' supporting evidence, Plaintiff is required to support his claim and is not entitled to a trial merely on the basis of the allegations in his complaint. *Goins*, *supra*. He must buttress the allegations of his complaint

9

with actual evidence upon which a reasonable jury could find in his favor. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). He has not done so with respect to his claim.

Plaintiff has simply not provided any evidence that shows the existence of a CoreCivic policy or the existence of any other custom or practice regarding the placement of inmates into protective custody at Trousdale that would support a finding of constitutional liability against Core Civic. Such proof is required for Plaintiff's official capacity claim. *See Monell*, 436 U.S. at 690-91; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). There must be evidence of a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. *See City of Canton*, 489 U.S. at 385; *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). *See also Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) ("the plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference.").

As a final matter, the Court finds no legal merit in Defendants' argument that Plaintiff's lack of a showing of a "physical injury" requires the dismissal of his claim under 42 U.S.C. § 1997e(e). As the Court clearly noted in its June 12, 2020, Memorandum and Order, the only remedy sought by Plaintiff in this case is injunctive relief requiring prison officials to place him in protective custody. Plaintiff does not seek damages. Section 1997e(e) does not prevent prisoners from seeking injunctive relief for alleged constitutional injuries even in the absence of a physical injury to the prisoner. *Small v. Brock*, 963 F.3d 539, 543-44 (6th Cir. 2020).

## RECOMMENDATION

Based on the forgoing, it is respectfully RECOMMENDED that the motion for summary judgment (Docket Entry No. 36) of Defendants CoreCivic, Inc. and Karon Ribbons be GRANTED and that Plaintiff's case be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge